T.N. Mr. Kluge. Good morning. May it please the court. Some of the issues are half-resolved in terms of the case. I'll let him talk about those quickly. The forfeiture issue, the government has agreed that the case should be remanded for resentencing regarding forfeiture. And we argue two reasons. The government has agreed as to one of the reasons. I don't know whether the court wants to hear any additional argument about the other reason why we believe this court's precedent requires that forfeiture money judgment be determined under a substitute asset forfeiture theory. But that's the only legal issue that is not addressed. It doesn't really from our standpoint what ground the court uses to remand for resentencing on forfeiture. With regard to the issue that the court sent out a supplemental letter, this court recently held in 96 versus Rodriguez that when a district court imposes in a judgment, written judgment, conditions of supervised police that it did not announce at sentencing that rather than the relief that the appellant requests, which would be to simply correct the judgment to eliminate those conditions that were not announced at sentencing, which is the relief that we have requested in this case and which was requested in the Rodriguez case, that the remedy is to remand to the district court as part of a resentencing for the district court to again, time for filing certiorari is not passed on that. So I wouldn't say that that's necessarily a completely closed issue as to what the relief should be, whether it should be to excise the conditions that are imposed to remand for resentencing. Assuming in Rodriguez, the case was already remanded for sentencing, and Rodriguez was already resentenced. And the importance of what happened in Rodriguez is, I think, reflected in the resentencing in Rodriguez where Judge some very different conditions. First of all, we imposed a different length of supervised release after considering the effect of the particular conditions on the individual defendant circumstance. And secondly, he removed one of the conditions, which was to limit the defendant's travel to the Southern District of Florida, so that it's not simply a formal requirement now that the should be addressed and resolved at sentencing. I speak only for myself, Mr. Clue, but if the matter is going back because of the forfeiture judgment, then at least for me, it makes all the sense in the world to also send that issue back and let the district judge figure out what conditions should be imposed and why. Your Honor, in this particular case, since we're asking for other reasons, I certainly would have no problem with that. Okay, then let's take up your other issues in whatever order you want to address them. We've abandoned the loss issue. With agreement with the government, we'd ask the court to deem that issue abandoned and not the court. You're abandoning that issue, the loss issue? We are, yes. And because of the reflection, we do feel we invited the error completely. With regard to this sophisticated means objection, we don't feel that we invited the error. The government says that the defense attorney filed an objection, a PSI objection. The objection focused only on acceptance of responsibility and said if you grant our objection acceptance of responsibility, there'll be three levels lower. Sentencing guideline range will be lowered from 108 months to 78 months at the bottom of the range and then showed the other calculations that the PSI had imposed. We don't deem that as an invitation to commit error with regard to the other calculations. It's simply advising the court what would be the effect of granting the objection as to acceptance of responsibility. An invitation would be, and we specifically waive any objection to these other enhancements, including the sophisticated means enhancement, which was not in the plea agreement. It was not something that the parties had agreed to. They'd agreed to everything else. But even assuming that we don't think it's invited error, then we get to plain error, right? I mean, there's no reason we wouldn't review it under the plain error standard. You would agree? Yes. Okay. And so why is it plain error here? Well, it's plain error because again, part of the problem in this... Especially when you agreed to, didn't you agree to two levels at one point? On the sophisticated means, there was no agreement. The reason why it's plain error is because the government and the PSI and the court are imposing the enhancement in sort of an automatic way for when a defendant runs his business out of an LLC. And it's really problematic. This word shell has become like toxic word in the language. It's like, oh, it's a shell. That means it's bad. I'm sorry to interrupt and I'll let you go on, but I just want to understand because as you know, it's got to be directly contrary to statutory or guideline text, I guess, or there has to be a case that's directly on point in order for it to be considered plain error. So your theory is it's under the text of the guideline, it's a problem. Under the commentary, at least. The commentary says that using a shell is more sophisticated if you're using it to conceal or hide assets. And in the cases, even the government sites, the people that have been enhanced for sophisticated means for using a shell, which is again, this word that's used, it just means an LLC. Everybody is not in working for the government in this room or anywhere else uses an LLC. And the reason is because that's the way you're supposed to do it. And so whether you're involved in something criminal or not involved in something criminal, 50% of the time, 100% of the time, you still use an LLC and that's considered appropriate. So the question is, are you using it to conceal or hide assets? And there was no suggestion at all that there was anything here used to conceal or hide it. And every case in which this court has referred to shells or LLCs as being a problem for sophisticated means, it's always consistent with the commentary, which says if it's being used to conceal or hide assets. And that's the error that I'm talking about because it's important in this case, it's important in a lot of cases. It's not an automatic thing. It's not a bad thing. It's like saying the defendant, if the defendant had a stick in the course of the day, he had a stick, he was using it to walk with. He wasn't using it to hit somebody with. And to me, that is plain because the guideline does say for that reason. The other things that the defendant did were simply turning things over, handing things over. And it's not, no question, no suggestion that he created any false documents, that he did anything sophisticated. He turned things over. People came to him, he turned them over to the other people. And that's our argument. We think it's plain under the commentary because of the specifics. There's one element missing. If I could turn to the other final issue, the acceptance of responsibility issue, the two components. One, the government says that it didn't breach the plea agreement because it was allowed to not recommend the acceptance of responsibility reduction if the defendant violated the law after entering the plea. But again, there was no suggestion in this case by the government or anybody else that the objections made it quite clear that even in the PSI, it said it had him last using cocaine, or admitting last using cocaine by the date of his arrest. He correctly said no, he last used cocaine right before the plea, like the day, the very day before the plea, the evening before the plea. And that accounted for these last two drug tests. And nobody said, oh, he continued thereafter to use. It was not that, it was not that at all. He had, the way these urinalysis testing works on cocaine, it showed up twice. It showed up right then, immediately that day, and it showed up a couple of days thereafter. So he did not violate the plea agreement. It was the government that violated the plea agreement. The government was required to recommend. And so when the government instead says, we, you know, the probation office is right, is what they said. Now, how they characterized what the probation office is saying was disputed between the government and the defense, but they did say the probation office was right. And the probation office was wrong. The probation office said, you know, they get, all the probation office does is make recommendations to the court. They said, no, he used drugs. That's it. He's not recommended. It didn't say, oh, you balance it against this, balance against that. And then the district court, he didn't say, he said, oh no, he did say as a general proposition that the district court is in the best position. That's true. But he didn't say that that meant anything other than what he actually said in terms of his ruling. Why should we read it that way though? Well, there's really no... I mean, after all, despite your contention that the government breached because the drug use was before the execution of the plea agreement, the prosecutor did say that he had no objection if the court were to grant an acceptance of responsibility adjustment. I understand the question you're saying that the court's question is whether that's a material breach. I think it's a material breach. No, I'm not going to material breach. If the government, if the prosecutor told the court rightfully, wrongfully breach, not breach, I don't object if you judge, give him an acceptance of responsibility adjustment. And then the court says, I'm in the best position to figure out whether an acceptance adjustment is warranted. Don't those things together indicate that the district court judge used his discretion to decide whether or not an acceptance adjustment was warranted? I don't believe so, given that the sequence, the sequences, when you object to the probation office report, you object to the report. The report says he, he, he, he used drugs while on bond. It's not recommended. The government says that's not error. No, that is, that's, that is, that's not error because it's not a court, but, but it's still, it's, it's something that should have been, this objection should have been sustained, at least in part, that that was an erroneous determination. The, the, the government then agrees that the probation office is correct. They miss, they misstate what the probation office said, but they agree. The district court doesn't essentially saying, yeah, I agree as well. He's not saying I, I, yeah, the two of you agree on this, but I'm going with the defense. He's, he's saying I'm following the flow of this. And then he says, because the defendant used drugs while out on bond, he violated this. And then he says, he said that's inconsistent, right? With an acceptance of responsibility adjustment. Uh, he did say he violated the terms and conditions of his bond through his drug use while he was on bond. And he says his behavior is inconsistent with that acceptance. Exactly. The single sole fact. And again, what the guidelines require is for the court not to simply use this the way the probation office did the way the district court did and said, okay, this is what we put. There's a scale here. We put this on the scale. Boom, it goes down. That's it. The problem, Mr. Clue is that you run into a wall of precedent here that says that the district court judge can deny an acceptance of responsibility adjustment or something like using drugs while on pretrial release. I think that the wall of precedent. And again, I think the pace case that they signed every single case says the judge, if he weighs that factor against the overwhelming evidence of acceptance of responsibility, that's not what happened here. And that's not what the PSI said. That's not what the district judge said. The district judge didn't say that. He said he violated his bond. It's inconsistent. I, you know, I hear you government. You've agreed with the probation office. The probation office says, boom, one, one and out, one and out. No, no. And that's it. And that's not what's supposed to happen. The district judge, the probation office is supposed to do it. The government's supposed to recommend it unless say there was a violation and the district court's supposed to weigh it. There were three, three problems here. And, and, and it's a massive amount of time. It's the whole reason you have, there's a whole import of the guidelines in relation to the criminal justice system, trial or plea decision. This is why people plead. Counsel, what's your best case to support the proposition that the district court was required to explicitly articulate that he had weighed the drug use while on bond against other evidence? I don't think that there's a case that says there's ever a case that's explicit requirements. I think the court, the rest of the court's question. However, there are cases repeatedly in this court that say, you look at the entirety of the record to try to determine if what are we, are we doing? Is this a, is this, is this the most reasonable reading of the record or is it not the most reasonable reading of the record? The most reasonable reading of the record in this case is the district court, all of the PSI, which the government said was correct and which the only thing that district court said he evaluated. And the massive, incredible effect on this defendant suggests, particularly in the context of this case, where there's going to be a re-sentencing anyway, that the case should be remanded. Thank you. All right, Mr. Flew, thank you. You've saved your time for rebuttal. Ms. Perwin. Good morning. The District Court, Amanda Perwin on behalf of the United States. I think that the parties generally agree on the effect of Rodriguez on this case, that the case should go back. Our position is that the remedy here is the judgment ought to be revised to reflect that the 1988 standing order, because the judge in this case, unlike in the Rodriguez case, did impose the standard, he said the standard conditions of release, a supervised release, in addition to the mandatory conditions. So we don't have exactly the So the only issue, at least in our view, is that one discrepancy between the 1988 order and the judgment in this case. But you would agree that's a problem. I mean, so I think you started out by saying you agree it needs to go back. I agree it needs to go back and that the judgment ought to be corrected. Well, so if the point of Rodriguez is that we want the conditions to be able to be identifiable, that is when they're announced from the bench, we want everybody to know what's being said. It doesn't need to be said going through each one, but you have to identify if you're going to cite to some list, you have to identify what list you're citing to. And the problem here is that the list that maybe was being cited standard conditions, which probably was intended to line up with the standing order on standing conditions, standard conditions, doesn't really match up exactly. So it makes a lot more sense. Would you agree that we just send it back and have the judge say specifically what he meant? I think that's fine, Your Honor. We would agree to that. The next issue that I want to talk about just briefly, I think it's pretty clear that issue. It was not just a failure to object. In the objections to the PSR, the defendant said specifically, sentence guideline computation should be calculated as follows. And then you list out the enhancements and sophisticated means is in there. There are then, of course, as in most sentencing, two opportunities to object to the guidelines of sentencing, no objection to sophisticated means at either moment, only to acceptance. So I think the first thing you mentioned about the listing of how the ultimate guideline calculation went, that was the probation office's pre-sentence investigation report. It was in the pre-sentence investigation report, but it was also in Mr. Delgado's objections to the pre-sentence investigation report. It's one objection, of course, to acceptance, but then it's specifically district court, you should calculate the guidelines like this, and then a list of enhancements that included sophisticated means. So under those circumstances, it is more than just a failure to object. It's inviting the district court to apply sophisticated means among other things. But of course, even if we set that aside, there is no case, as Judge Rosenbaum, you pointed out directly on point, that would preclude the application of sophisticated means under these circumstances. This is, well, first of all, I'll start with shell companies. Using a shell company is not required. It's not the only factor the district court can consider. Here we've got a number of other factors. We've got four years. We've got millions of dollars. We've got fraudulent prescriptions being submitted to Medicare that are being provided by this defendant. So we've got a number of other things, even if you forget shell companies. So I don't know of any case that would foreclose the use of sophisticated means under these circumstances. And then the last issue, I think the court sort of hit it on the head with acceptance. I'll start with the breach of the plea agreement. We're not arguing really, and there's a reason I was in a footnote, that the government was released from its plea agreement. I think Mr. Clue's point is well taken, that if he took drugs before the plea and tested positive after, it wouldn't be fair to hold him accountable for that, or that it would release the government from its plea agreement. But the government did recommend acceptance. But it didn't really recommend acceptance. It said it wouldn't object, right? It wouldn't oppose acceptance, which is different than affirmatively recommending. But even so, in the end, we had the district court saying, well, I'm going to, you know, he took, I don't think this is, his behavior is consistent with acceptance of responsibility, regardless basically. So even if there's an error there, it may be harmless. I agree, Your Honor. I would say, I understand the difference between saying I don't object and I recommend. But I think if you look at what the prosecutor said, sort of in its context, he is essentially advocating for the defendant here. He's saying, look, yes, yes, Judge, you've got the discretion. You could withhold acceptance, but this guy's got a drug problem. And he's agreeing with what the defendant said in his objections to the PSR. He does have a drug problem. I'm not going to object to acceptance of responsibility. So I understand the word choice is not a recommendation, but in its full context, it is. But Your Honor, you're correct. The district judge seemed to very well understand its discretion in this area. It said, you know, it quoted directly from the guideline. I'm in a unique position to determine whether acceptance applies. I think this behavior is inconsistent. I'm not going to give it to him. And it's completely consistent with the case law, with the guidelines. And, you know, there's a very obviously deferential standard of review here. So I think I've covered the three issues that are still at play. If the court has no other questions. What do you think the instruction should be with regards to forfeiture on remand? Well, Your Honor, I think that the government has to determine in the first instance, what the amount that this defendant in particular, what is forfeitable as to this defendant. And I don't know the answer to that. I don't know how much he made personally. So I think it's simply just a resentencing with respect to forfeiture. So vacate the forfeiture judgment. Yes, exactly. And just send it for remand for further proceedings. Exactly, Your Honor. Unfortunately, the record doesn't have the facts that I need to be able to say what that number might be. So I think there's got to be a hearing. Okay. Okay, Mr. Irwin. Thank you very much. With regard to the government's breach of the plea agreement, the government not only stated its position at the sentencing, it stated its position when the objections were filed. It was announced that it did not join the defense position with regard to acceptance of responsibility. And that was reflected in the objection that was filed. And at sentencing, the government stated that it agreed with the probation office interpretation, and then said, nevertheless, because he's a drug addict, he wouldn't object if the court decides. And the court says, well, I appreciate you're saying you're not going to object. But he used while on bond, and that's inconsistent with acceptance. And he quoted one of the lines from the standard for this court affords district court discretion, or judgment with regard to termination. But again, the impact of it is, in my understanding, not readily subject to harmless error. Because again, it's at two points in the process. When you go into sentencing, and you've got the government already not agreeing, then when asked whether they agree, they say they don't agree with the objection, they agree with probation. And then they don't, again, recommend, given that breach, while one can hypothecate that the judge would do the same thing, I believe due process implications of the matter, because it's in the plea agreement, require that it... What case do you have for that? Because... I didn't see the harmless error argument in their brief, so that I didn't brief it ahead of time. I can find something. Because I believe, I could be wrong, but I believe our case law is that if there is... When you review what the district court said, if there's any reason to believe that the district court didn't rely on what the government argued and did it based on other things, then it's harmless and we don't send it back. Again, the court may be right. I'd ask if I could have a couple of days. See that. I did not see the harmless error argument in their brief. There's a case called Malone, actually, that I'm pretty sure we explored this in. Malone, M-A-L-O-N-E. Whether that's one of my Malones or not, could be. I can only respond to it later today or within a day or so. The reason, again, that when you combine that with the fact that there is no distinction by the district court, no indication that the district court considered the sincerity of the admission of criminal responsibility, the timeliness of the... No indication that the district court considered the circumstance that the defendant had, that not just the drug problem, but he had a psychiatric problem. This was clearly involuntary and something that happened in relation to the pressure of pleading that this was not a... This was not the type... It's not even similar to the cases that were... We had people just... They're using marijuana. They're clearly not addicted to marijuana or they're doing other things just well into after the plea or that sort of thing. This was really, because this case is from a factual standpoint, it was so clear that the government was even though it agreed with probation, had to say, well, my gosh, this is by no means one of these guys who's out there willfully trying to... The government, I think, clearly recognized that it did not diminish his acceptance. Whether it's expressed those facts, it didn't. It led, again, with the probation office, which is saying you only put this one thing on the scale. In the context of this case, where there's going to be a remand anyway, and given the tremendous impact on the judgment, it really would be the correct thing to do given the two factors, the ambiguity of the defendants, at a minimum, ambiguity of the district court's decision, and the other factor, the breach of the plea agreement. All right, Mr. Pruitt. Thank you very much. Mr. Pruitt, thank you very much as well.